IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD N. TAWE, (TDCJ-CID #1596960) Plaintiff, | § § § § | |
| vs. | § | CIVIL ACTION H-17-3436 |
| MICHAEL A. ROESLER, *et al.*, Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Richard N. Tawe, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued on November 6, 2017, alleging civil rights violations resulting from a denial of due process; retaliation; and exposure to unsanitary living conditions. Tawe, proceeding pro se and in forma pauperis, sues 45 prison officials at the Ellis Unit. Court records show that this lawsuit is one of nine federal lawsuits Tawe filed against Ellis Unit officers in 2017, each lawsuit naming between 10 and 120 officers.

The threshold issue is whether Tawe's claims should be dismissed as frivolous.

### I.    Tawe's Allegations

Tawe asserts that there is a slop processor that is 75 feet from the serving line, 130 feet from the diet serving line, and 50 feet from the bakery. The serving line is infested with cockroaches and rats. He alleges that there are rat droppings on the corn bread and bread. Tawe alleges that dirty towels are used to wipe the serving line area and utensils. Tawe states that inmates come to the dining area, collect roaches, and return to their cells to feed their lizards. Tawe complains that the

grievance system does not work because his grievances were lost. Tawe seeks unspecified injunctive relief and compensatory damages.

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. The Absence of Physical Injury

The PLRA prohibits recovery of damages by prisoners in cases that do not involve physical injury. The PLRA expressly provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). To the extent that Tawe's claims are based on mental or emotional harm, his request for compensatory damages must be dismissed for failure to state a claim upon which relief may be granted. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that a prisoner's failure to allege physical injury precludes his recovery of compensatory damages for emotional or mental injuries pursuant to 42 U.S.C. § 1997e(e)). The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371,

374 (5th Cir. 2005).

Absent an allegation that Tawe suffered a physical injury in connection with the complained-of condition of confinement, his claim for compensatory damages lacks an arguable basis in law.

## IV. The Retaliation Claim

Liberally construed, Tawe alleges that prison officials retaliated against him for filing grievances. The Fifth Circuit has held that prison officials are prohibited from retaliating against inmates who exercise the right of access to the courts, or who complain of prison conditions or about official misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995) (citations omitted). When a prisoner claims that officials retaliated against him by issuing a false disciplinary report, favorable termination of the underlying disciplinary charge is not a prerequisite for bringing the claim. *Woods*, 60 F.3d at 1164. The concern is whether there was retaliation for the exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary report. *Id.* at 1164-1165. "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *Id.* at 1165 (citations omitted). In addition, proceedings that are not otherwise constitutionally deficient may be invalidated by retaliatory animus. *Id.* (citations omitted).

To prevail on a claim of retaliation, a prisoner must establish the following: (1) the exercise of a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.2d 225, 231 (5th Cir. 1998)). Causation requires a showing that "but for the retaliatory motive, the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (citing *Johnson v. Rodriguez*, 110 F.3d 299,

310 (5th Cir. 1997)).

In reviewing claims of retaliation arising from the context of prison disciplinary charges, the Fifth Circuit has recognized that "[c]laims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166 (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)). The Fifth Circuit recited the applicable standard of review:

> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident-such as the filing of disciplinary reports would not have occurred. This places a significant burden on the inmate. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred."

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)(internal citations and footnotes omitted).

Conclusory allegations of retaliation will not withstand a summary judgment challenge. *Woods*, 60 F.3d at 1166 (citing *Richardson v. McDonnell*, 841 F.2d 120, 123 (5th Cir. 1988) (upholding summary judgment dismissal of retaliation claim where inmate never offered documentary or testimonial evidence in support of assertions)); *Jones*, 188 F.3d at 326 ("because Jones has alleged no facts sufficient to demonstrate that the appellees have engaged in conduct that will result in a violation of his right of access to the court his retaliation claims fail."). Some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) (citing *Crawford–El v. Britton*, 523 U.S. 574, 588 n.10 (1998)). *Id.* "Such acts do not rise

to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Id.* Retaliation is actionable only if it "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted).

Tawe claims that each of the 45 named defendants retaliated against him. Even though Tawe carries the burden of establishing retaliation, he offers no specific facts or documentary evidence to support his allegation of retaliation. *See McDonald*, 132 F.3d at 231 (inmate failed to provide evidence of retaliatory intent). Tawe has identified a constitutional right, the right to file complaints or grievances against an officer. In neglecting to allege fact-specific details, Tawe has not demonstrated that any of the individuals involved in the purported acts of retaliation had knowledge of any alleged complaints or grievances filed against them. Tawe has not identified a retaliatory adverse act; Tawe has failed to demonstrate that these individuals engaged in a particular retaliatory adverse act to retaliate against him for filing complaints or grievances against prison officials. Tawe's claim of retaliation, standing alone, fails to meet the requisite proof of causation: he has failed to establish that but for his filing complaints and grievances against any TDCJ-CID employee, he would not have been subjected to a retaliatory adverse act. *See McDonald*, 132 F.3d at 231.

Finally, Tawe's allegation cannot be deemed to provide "a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166. Tawe's mere use of the word "retaliation" in the absence of specific facts or documentary evidence cannot support a claim of retaliation. Consequently, Tawe's claim must fail. *Id.*; *Johnson*, 110 F.3d at 310 ("[t]he relevant showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation.") (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)); *Richardson*, 841 F.2d at 120.

To the extent Tawe argues that the defendants retaliated against him because he availed himself of the grievance process, this is an insufficient allegation of causation as "temporal proximity alone is insufficient to prove but for causation." *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *see also Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). The fact that one event follows another in time does not raise an inference of retaliation. *Enlow v. Tishomingo Cnty., Miss.*, 45 F.3d 885, 889 (5th Cir. 1995).

Tawe has not sufficiently alleged a retaliatory motive by the defendants, and he has not alleged a chronology of events from which retaliation may be plausibly inferred. Tawe's personal belief and conclusory allegations are insufficient to raise a factual dispute that the defendants acted to retaliate. *See Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999); *Woods*, 60 F.3d at 1166. Tawe's retaliation claim lacks merit and is dismissed, without leave to amend because amendment would be futile.

## V.     The Claim Based on an Inadequate Grievance System

Tawe alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.*, slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.*, slip

op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Tawe's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Tawe show that the defendants investigated his grievances and provided timely responses.

Tawe's due process claim based on an inadequate grievance procedure lacks merit. 28 U.S.C. § 1915(e)(2)(B)(i).

## VI. The Claim Based on Unsanitary Conditions

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. The standard of determining whether the conditions are cruel and unusual "must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1984). Conditions "alone or in combination" may amount to a constitutional violation. *Id.* at 347. In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court stressed that the Constitution does not mandate comfortable prisons and only deprivations denying "the minimal civilized measure of life's necessities" form the basis of an Eighth Amendment violation. Conditions that are "restrictive or even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. at 347. At the same time, in order to state a cognizable claim, a prisoner must allege facts showing that jail officials acted with a culpable state of mind—that they acted with deliberate indifference. *Wilson*, 501 U.S. at 302–303; *Alberti v. Sheriff of Harris Cnty., Tex.*, 937 F.2d 984, 1004 (5th Cir. 1991). The Fifth Circuit has observed that "certain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment." *Novak v. Beto*, 453 F.2d 661, 665 (5th Cir. 1971). One such condition is "the deprivation of basic elements of hygiene." *Id.*

The Fifth Circuit has reviewed a variety of cases which illustrate the type of conditions that are necessary to be considered cruel and unusual. In *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457 (5th Cir. 1983), the court held that, "Clearly, Bienvenu's statements that the defendant party intentionally subjected him to a cold, rainy, roach-infested facility and furnished him with inoperative, scum-encrusted washing and toilet facilities sufficiently alleges a cause of action cognizable under 42 U.S.C. § 1983 and the eighth and fourteenth amendments." *Id.* at 1460 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1137–40 (5th Cir.), *amended in part and vacated in part*, 688 F.2d 266 (1982)).

In *Palmer v. Johnson,* 193 F.3d 346, 353 (5th Cir. 1999), Palmer claimed that he was not allowed to use a bathroom during the seventeen-hour outdoor confinement and was instead told that his only option was to urinate and defecate in the confined area that he shared with forty-eight other inmates. The Fifth Circuit held that a complete deprivation of toilets for scores of inmates confined in the same small area constituted cruel and unusual punishment under the Eighth Amendment because it amounted to a "deprivation of basic elements of hygiene." In *Hutto v. Finney,* 437 U.S. 678, 686–87 (1978), the Supreme Court stated, "It is equally plain, however, that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of "grue" might be tolerable for a few days and intolerably cruel for weeks or months."

The unsanitary conditions in the kitchen and dining area mentioned by Tawe are much less harsh than the conditions described in *Palmer*. The facts as alleged do not rise to the level of a constitutional violation. Tawe's claim fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact.

## VII. The Claim Based on a Conspiracy

Tawe asserts that each of the 45 named defendants was involved in a conspiracy. To prove a conspiracy, a plaintiff must prove an actual deprivation of a constitutional right. *Salvin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990). "The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1990). Mere conclusory allegations of conspiracy, absent reference to material facts, do not state a cause of action under 42 U.S.C. § 1983. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) (*en banc*). Specific facts must be pleaded when a conspiracy is alleged; mere conclusory allegations will not suffice. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). The Fifth Circuit has noted that "charges as to conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or interference, as here, trifles light as air," will suffice to sustain a claim of conspiracy. *Crummer Co. v. Du Pont*, 223 F.2d 238, 245 (5th Cir. 1955, reh. den.).

In the instant case, Tawe provides nothing to substantiate his claim of conspiracy other than his bare and conclusory assertion that one existed. Accordingly, he wholly fails to state a conspiracy claim. Moreover, all of the named defendants are from a single entity—the Texas Department of Criminal Justice (TDCJ). As such, a conspiracy claim against them is barred by the intra-corporate conspiracy doctrine. *Reynosa v. Wood*, 134 F.3d 369 (5th Cir. 1997). Where all defendants are members of the same collective entity, it is construed that the conspiracy does not involve two or

more people. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). In this case, all the defendants named in the conspiracy are employees of TDCJ. Thus, they constitute a single entity, which is incapable of conspiring with itself.

Tawe offers no facts, other than his personal belief, that there was a conspiracy, and such allegations fail to state a claim. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under § 1983).

Tawe's conspiracy claims are barred by the intracorporate conspiracy doctrine and are dismissed for failure to state a claim upon which relief can be granted.

## VIII. Conclusion

The action filed by Richard N. Tawe (TDCJ-CID Inmate #1596960) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal constitutes a strike for purposes of 28 U.S.C. § 1915(g). Public court records show that this dismissal stands as Tawe's seventh strike, and he is barred from proceeding in forma pauperis in civil lawsuits or appeals. *See Tawe v. Clemons*, C.A. No. 4:17-cv-0187 (S.D. Tex. Apr. 25, 2017); *Tawe v. Unknown Psychiatrist*, C.A. No. 3:11-cv-1016 (N.D. Tex. June 8, 2011); *Tawe v. Ferguson*, C.A. No. 4:17-cv-3420 (S.D. Tex. Dec. 7, 2017); *Tawe v. Ellington*, C.A. No. 4:17-cv-3444 (S.D. Tex. Dec. 29, 2017). Should Tawe appeal the instant dismissal, he will be denied leave to proceed in forma pauperis. Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall deduct twenty percent of each deposit made to Tawe's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on April 2, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE